IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AT&T FIBER OPTIC CABLE ) | 1:99-ml-9313-DFH-TAB |
| INSTALLATION LITIGATION ) | MDL Docket No. 1313 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| 1:04-cv-7015-DFH-TAB (K&D Investments, LLP) ) | (FLORIDA ACTIVE LINES) |

## FINAL ORDER AND JUDGMENT

After due notice, this matter came before the Court for hearing on April 6, 2006, for the Court to consider and make a final determination concerning the fairness of the settlement proposed by the parties. On November 4, 2005, the Court entered an Order conditionally approving the settlement. Pursuant to Fed. R. Civ. P. 23, the Court set a Fairness Hearing to be convened on March 28, 2006 in Orlando, Florida, which hearing was to be canceled in the event there were no pending objections or requests to appear from Class Members. Two objections to the settlement were filed by Class Members by the deadline of March 2, 2006 as provided in the notice, however, both Class Members subsequently withdrew their objections. As a result, this Court determined that a hearing in Florida was not required, and this Court canceled the Florida hearing. Pursuant to Fed. R. Civ. P. 23, a Fairness Hearing was convened in Indianapolis in this Court on April 6, 2006 to determine the fairness of this settlement.

Having considered the motion to approve the settlement, pleadings, briefs, materials, affidavits, and submissions in support of the proposed settlement; having heard and considered the arguments and presentations of counsel; and being duly advised in the premises, the Court finds that the Proposed Settlement should be

approved.

With regard to the notice of the Proposed Settlement and this hearing, the Court finds that the best practicable notice of the Florida "Telecommunication Cable" Railroad Corridor Class Settlement Agreement dated November 2, 2005 ("Settlement Agreement") has been given to Settlement Class Members, including individualized notice by first-class mail to all Class Members who could be identified through reasonable effort, and notice by publication as reflected in the affidavits of Cindi Straup and Wayne Pines respectively, filed on April 4, 2006 and offered by the parties at the April 6, 2006 Final Hearing. Such notice fully satisfies the requirements of Fed. R. Civ. P. 23(c)(2) and requirements of due process.

The Court further finds that the Proposed Settlement meets all other applicable requirements of Fed. R. Civ. P. 23. The Settlement Class complies with the numerosity requirement of Fed. R. Civ. P. 23(a)(1) because the class is so numerous that joinder of all members would be impracticable. There are questions of law and fact common to all members of the class, thus satisfying the commonality requirement of Fed. R. Civ. P. 23(a)(2). Since the Named Plaintiffs and the Class Members all share the same factual allegations of AT&T Corp. and AT&T Communications, Inc.' s (collectively "AT&T") wrongdoing, the same legal claims for slander of title, unjust enrichment, declaratory and injunctive relief, and trespass, as well as the same interest in proving AT&T's liability, the typicality requirement of Fed. R. Civ. P. 23(a)(3) has been met for the settlement class. Finally, the Class Representatives satisfy the Fed. R. Civ. P. 23(a)(4) requirement of adequacy of representation. There is no conflict between the claims of the Named Plaintiffs and those of all other Class Members, and Class Counsel have the experience, qualifications, and resources to competently represent the class.

The Court also concludes that this Settlement Class should be certified under Fed. R. Civ. P. 23(b)(3) because common questions arising from a common nucleus of operative facts predominate, and a class action settlement is the superior means of resolving the claims of the Class Members in a fair and efficient manner.

The Court finds the Settlement Agreement itself to have been entered into in good faith, to be non-collusive, to be fair, reasonable, and adequate, and to be in the best interest of the class.

Two objections to the settlement were filed by Class Members by the deadline of March 2, 2006 as provided in the notice, however, both Class Members subsequently withdrew their objections and will participate in the settlement. In addition, one Class Member filed comments with this Court that included a request not to participate. As a result, this Class Member has been allowed to opt-out of this settlement.

It is accordingly hereby ORDERED AND ADJUDGED as follows:

1. The Settlement Agreement is approved in all respects.

2. K&D Investments, LLP shall have and recover for themselves and other members of the Settlement Class the benefits described in the Settlement Agreement, subject to the conditions and limitations stated therein.

3. As an additional benefit for their efforts in representing the class, K&D Investments, LLP as class representative in this settlement, shall receive additional compensation in the amount of One Thousand Dollars ($1,000), to be paid by Defendants within ten (10) days from the date this Final Order and Judgment becomes final.

4. The certification, for settlement purposes, of the class of all Persons possessing or claiming to possess for some period of time during the applicable

Compensation Period a fee simple interest in Covered Property; . . . [not including], however, (i) railroads; (ii) Persons or entities (and their successors-in-interest) who acquired, either directly or indirectly, their fee simple interest in Covered Property from a railroad subject to AT&T's preexisting rights in the land; (iii) Persons or entities (and their successors-in-interest) who prior to August 21, 1998, granted AT&T rights to operate and maintain a telecommunication cable system across the Covered Property (and such Persons' successors in interest); (iv) federal governmental entities; (v) Persons all of whose Covered Property adjoins or underlies Settlement Corridor originally derived from federal land grant or state land grant derived from a federal land grant; or (vi) any Person who files a valid and timely Exclusion Form on or before the Opt-Out Deadline (and any Person co-owning Covered Property with such Person)", is confirmed.

      5.  AT&T and all other Released Parties under the Settlement Agreement are forever released from any and all claims, including assigned claims, whether known or unknown, asserted or unasserted, regardless of the legal theory, that are or may be asserted now or in the future against AT&T or a Released Party arising out of or relating to the installation, occupation, maintenance, or use of telecommunication cable that has been installed in or on the Covered Property (except any damages arising from enforcement of the Settlement Agreement), or any other claims addressed in or arising out of the subject matter of this Agreement or the Complaint, including, without limitation, claims for trespass, slander of title, unjust enrichment, and declaratory and injunctive relief (collectively, "Covered Property Claims").

      6.  "Released Parties" means (1) AT&T and its subsidiaries, affiliates, officers, directors, agents, attorneys, employees, successors, assigns, and predecessors; and

**(2) only with respect to any and all claims, whether known or unknown, for liability or damages arising out of or relating to AT&T's installation, occupancy, maintenance, or use of telecommunication cable on the Covered Property, (a) any railroad company from which AT&T acquired rights to install, occupy, maintain, or use telecommunication cable thereon, including, but not limited to, the following railroad company: CSX Transportation, Inc. and Florida East Coast Railway; and (b) any and all of such railroad company's past or present officers, directors, agents, servants, attorneys, employees, predecessors-in-interest, successors, shareholders, subsidiaries, parents, affiliates, and assigns.**

7. Each member of the class (and each of their respective successors in interest) is barred and permanently enjoined from instituting, asserting, or prosecuting against AT&T or any Released Party any and all Covered Property Claims, and any and all such claims asserted herein are dismissed with prejudice.

8. As provided in the Settlement Agreement, this Final Order and Judgment provides AT&T with a sixteen and one-half (16 ½) foot wide easement for telecommunications purposes through the Settlement Corridor vis-à-vis all Current Landowners (and their respective successors in interest). The scope and extent of this easement is described in the Grant of Communication Systems Easement/Release attached to the Settlement Agreement as Exhibit B (the "Communications Corridor Easement"). As specifically set forth in paragraph 18 below, this Final Order and Judgment further provides that AT&T shall relinquish certain property rights it may have in the Covered Property.

9. In order to receive Current Landowner Benefits from AT&T, each Current Landowner who has filed a claim and qualified for benefits shall execute a completed

Communications Corridor Easement which includes the legal description of the subject property and other necessary particulars, and otherwise shall adhere to the terms and conditions of the Settlement Agreement.

10.  All Current Landowners, regardless whether they file a claim, shall execute and deliver to AT&T the Communications Corridor Easement.

11.  The Claims Administrator appointed by this Court in this action is hereby confirmed, declared adjudged and appointed as the agent and attorney in fact for and on behalf of the Settlement Class Members for the purpose of effectuating the terms of the Settlement Agreement, including executing such documents and instruments as may be required.

12.  The Claims Administrator shall, pursuant to Fed. R. Civ. P. 70, execute and convey to AT&T (if and when requested by AT&T) the Communications Corridor Easement on behalf of Current Landowners who do not execute and deliver such easements.

13.  AT&T may, at its option and cost, file/record/index this Final Order and Judgment or notice thereof, in the name of each Class Member who owns any portion of the Settlement Corridor (as defined in the Settlement Agreement) in the judgment or land records of the jurisdiction in which the real estate is located.  The Court retains jurisdiction to enter supplemental orders and judgments to effectuate the recordation of AT&T's property rights.

14.  If AT&T elects to file/record/index this Final Order and Judgment or notice thereof, the Court hereby directs that this Final Order and Judgment shall be recorded, filed and/or registered among the land records in each jurisdiction in which the Settlement Corridors are located in order to give constructive and record notice of

the existence and terms of the Communications Corridor Easement. The recorder's office of such jurisdictions are directed to index this Final Order and Judgment against each Settlement Class Members' name or against such Settlement Class Members' interest in the Covered Property (the names and other necessary information of such Settlement Class Members with each applicable jurisdiction shall be attached as an exhibit to this Final Order and Judgment by the Claims Administrator in order to allow the recorder's offices to index this Final Order and Judgment against such Settlement Class Members), so as to give constructive and record notice to all subsequent parties acquiring an interest in such Settlement Class Members' interest in the Covered Property of the existence and terms of the Communications Corridor Easement. If for any reason (whether for noncompliance with technical recording requirements, failure to properly domesticate or otherwise) this Final Order and Judgment cannot be recorded or filed in the land records as provided above, then the Claims Administrator shall take such action as is necessary or required in order to have the existence and terms of the Communications Corridor Easement recorded, registered or filed in such land records, including without limitation, executing, acknowledging and delivering (or having the individual Settlement Class Members, if required by applicable laws, rules and regulations, execute, acknowledge and deliver) in recordable form individual easement agreements or notices or memoranda thereof on behalf of the Settlement Class Members located in the jurisdiction in which this Final Order and Judgment could not be recorded, containing the language of the Final Order and Judgment (and if necessary for the proper recording and binding effect, seeking additional orders from the Court confirming that the Claims Administrator is the authorized agent and attorney in fact

for such Settlement Class Members and duly authorized to execute such easement agreements).

15.  All Current Landowners who file claims shall include in every deed, lease or other conveyance of any interest such Class Member may have in the Covered Property, a reference to this Final Order and Judgment and the grant of the Communications Corridor Easement to AT&T.

16.  AT&T shall not have (and is hereby released from, any and all claims, damages, costs, expenses and other liabilities of every kind and nature whatsoever, including, without limitation) any liability for slander of title, that may be asserted as a result of or in any way in connection with the filing/recordation/indexing of this Final Order and Judgment or notice thereof, against any person, whether a Class Member or not; provided that promptly following AT&T's determination that any Final Order and Judgment or notice thereof was filed/recorded/indexed against a person who was not a Class Member who owned Cable-Side Corridor property as of the date of this Final Order and Judgment, AT&T promptly takes all appropriate action to cause this Final Order and Judgment, or notice thereof, to be released of record, at AT&T's expense.

17.  The Settlement Agreement provides the exclusive remedy for any and all Settlement Corridor Claims of Class Members (and any successors in interest), and for any claim arising out of the subject matter of the Settlement Agreement and the Complaint by any Class Member against AT&T and any and all other Released Parties.

18.  AT&T shall relinquish any and all claims or rights it may have as to Class Members and their successors in interest with respect to the Covered Property, other than the rights AT&T receives under the Settlement Agreement, the 16 ½-foot-wide Communications Corridor Easement, and this Final Order and Judgment.

19.  The creation of the Corridor Enterprise is hereby approved, but the Court approves the fairness of the Settlement without regard to the value of any possible supplemental benefits from that enterprise.

20.  All Class Members who hold a fee interest in a Settlement Corridor Segment (except those specifically declining to participate) shall transfer to the Corridor Enterprise, on behalf of themselves and their successors in interest, an easement ("the Corridor Enterprise Easement") (outside of the easement boundaries created for AT&T's benefit in the Communications Corridor Easement).  This Corridor Enterprise Easement shall be limited to telecommunications and non-railroad purposes.

21.  The Claims Administrator shall, pursuant to Fed. R. Civ. P. 70, execute and convey to the Corridor Enterprise (if and when requested by the Corridor Enterprise) the Corridor Enterprise Easement on behalf of Class Members who do not execute and deliver such easements.

22.  Class Counsel may, at its option and cost, file/record/index this Final Order and Judgment or notice thereof, in the name of each Class Member who owns any portion of the Settlement Corridor in the judgment or land records of the jurisdiction in which the real estate is located.  The Court retains jurisdiction to enter supplemental orders and judgments to effectuate the recordation of the Corridor Enterprise's property rights.

23.  If Class Counsel elects to file/record/index this Final Order and Judgment or notice thereof, the Court hereby directs that this Final Order and Judgment shall be recorded, filed and/or registered among the land records in each jurisdiction in which the Settlement Corridors are located in order to give constructive and record notice of the existence and terms of the Corridor Enterprise Easement.  The recorder's office of

such jurisdictions are directed to index this Final Order and Judgment against each Settlement Class Members' name or against such Settlement Class Members' interest in the Covered Property (the names and other necessary information of such Settlement Class Members with each applicable jurisdiction shall be attached as an exhibit to this Final Order and Judgment by the Claims Administrator in order to allow the recorder's offices to index this Final Order and Judgment against such Settlement Class Members), so as to give constructive and record notice to all subsequent parties acquiring an interest in such Settlement Class Members' interest in the Covered Property of the existence and terms of the Corridor Enterprise Easement.  If for any reason (whether for noncompliance with technical recording requirements, failure to properly domesticate or otherwise) this Final Order and Judgment cannot be recorded or filed in the land records as provided above, then the Claims Administrator shall take such action as is necessary or required in order to have the existence and terms of the Corridor Enterprise Easement recorded, registered or filed in such land records, including without limitation, executing, acknowledging and delivering (or having the individual Settlement Class Members, if required by applicable laws, rules and regulations, execute, acknowledge and deliver) in recordable form individual easement agreements or notices or memoranda thereof on behalf of the Settlement Class Members located in the jurisdiction in which this Final Order and Judgment could not be recorded, containing the language of the Final Order and Judgment (and if necessary for the proper recording and binding effect, seeking additional orders from the Court confirming that the Claims Administrator is the authorized agent and attorney in fact for such Settlement Class Members and duly authorized to execute such easement agreements).

24. Under Fed. R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delay and expressly directs that this judgment, upon filing, be deemed as a final judgment with respect to all Covered Property Claims by members of the class and their respective successors in interest against the Defendants herein, and with respect to all claims and matters in paragraphs 1 through 23 herein.

25. Without deferring or delaying the finality of this Final Order and Judgment, this Court retains exclusive, general, and continuing jurisdiction as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the settlement, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

This __6th__ day of April, 2006.

*David F. Hamilton* (signature)

---

David F. Hamilton, Judge
United States District Court
Southern District of Indiana
Indianapolis Division

**DISTRIBUTION TO:**

Nels Ackerson
ACKERSON KAUFFMAN FEX, P.C.
nackerson@ackersonlaw.com

Roger C. Johnson
KOONZ MCKENNEY JOHNSON DEPAOLIS
& LIGHTFOOT
rjohnson@koonz.com

John B. Massopust
ZELLE HOFMANN VOELBEL MASON
& GETTE, LLP
mailto:dmillea@zelle.comjmassopust@zelle.com

Daniel J. Millea
ZELLE HOFMANN VOELBEL MASON
& GETTE, LLP
dmillea@zelle.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA, LLC
hprice@price-law.com

James M. Boyers
WOODEN & MCLAUGHLIN, LLP
jboyers@woodmaclaw.com

Howard N. Feldman
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
feldmanh@dsmo.com

Lois J. Lipton
ROBINSON CURLEY & CLAYTON PC
llipton@robinsoncurley.com
lois.lipton@sbcglobal.net

Susan Littell
**DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP**
littells@dsmo.com

Peter W. Morgan
**DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP**
morganp@dsmo.com

Nicholas C. Nizamoff
**STUART & BRANIGIN**
ncn@stuartlaw.com

B. Haven Walling, Jr.
**DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP**
wallingb@dsmo.com

Nancy Winkelman
**SCHNADER HARRISON SEGAL & LEWIS LLP**
nwinkelman@schnader.com

William P. Wooden
**WOODEN & MCLAUGHLIN, LLP**
wwooden@woodmaclaw.com