UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BALTIMORE COUNTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:04-cv-07014-DFH-TAB ) |
| AT&T CORPORATION., et al., | ) ) ) |
| Defendants. | ) |

ENTRY ON MOTION TO RECONSIDER OR CERTIFY
INTERLOCUTORY APPEAL

On July 23, 2010, the court ruled on several long-pending motions for summary judgment, granting summary judgment to defendant AT&T in part and denying summary judgment for it in other respects. On August 20th, AT&T filed a motion asking the court to reconsider its partial denials of summary judgment or in the alternative to certify several legal issues for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. No. 213. The motion is denied in all respects.

AT&T's summary judgment motions called on the court to predict Maryland state law on several issues without specific guidance from the Maryland courts on those questions. One of the inevitable consequences of multi-district litigation like this case is that one federal court must interpret, apply, and sometimes predict the laws of many states.

In this multi-district litigation, the questions of Maryland law relevant to AT&T's motions are virtually the only remaining controversies. AT&T's motion to reconsider asks one federal judge in Indiana to take a second look at those issues of Maryland law, or asks to have three circuit judges from Indiana, Illinois, and/or Wisconsin take a fresh look at those issues. The marginal benefit of either option is virtually nil compared to that offered by the prospect of sending this case back to the District of Maryland, where a judge who is steeped in Maryland law can try the case. This court has managed the pretrial aspects and settlements of related class actions from more than 40 states. For that purpose, the multi-district litigation device has been useful. But that utility is now at an end. After the return transfer of this case to the District of Maryland, that district court may, of course, reconsider interlocutory decisions in its discretion and could, if it chose, certify questions of state law to the state's highest court. But, at this juncture, this court will not revisit these legal issues or certify an interlocutory appeal to the Seventh Circuit.

AT&T also argues that the court abused its discretion in several respects. The court rejects those arguments.

First, AT&T argues that the court abused its discretion by inferring that AT&T's ongoing use of the cable would require not just the initial entry for the cable's installation but would almost certainly involve additional entries to repair, replace, and maintain the cable. AT&T asserts that there is no basis in the record

for this inference. The court disagrees. When considering evidence in a summary judgment record, the court must give the non-moving party the benefit of all reasonable inferences . Here, the court believes it is reasonable to infer that AT&T intended to retain the ability to take such steps in the Baltimore County corridor as long as the cable was part of its network.

AT&T spent many millions of dollars to install its nationwide network of fiber optic communication cables. In all of the settlements affecting tens of thousands of properties in these MDL cases, AT&T insisted on obtaining for every single property "a permanent easement to operate, maintain, reconstruct, replace, and remove its present telecommunication cable system . . . plus future additions, upgrades, or expansions" to the system, as well as "to install new conduits and fiber or replacement technology. . . ." Its new assertion, that it had no intention or ability to repair, replace, or maintain damaged or obsolete cable, stretches the court's credulity. This court does not have readily at hand the terms of AT&T's agreement with the railroad that allowed it to install the cables in the Baltimore County corridors, but all available facts lead the court to infer that the right to maintain the cable is a right that AT&T bargained for initially and since has strived to retain.

Finally, in response to AT&T's assertion that there is no record evidence showing that AT&T insisted on a right to enter rights-of-way to repair cable, note the following judicial admission. In the joint Case Management Plan filed by the

parties on March 5, 2005, AT&T stated: "It is Defendants' position either that the railroad right-of-way provider owned fee title to such right-of-way, or otherwise had sufficient legal rights to permit AT&T to enter upon *and remain upon* the subject property where the fiber optic cable was installed *and maintained*." Dkt. No. 3 (emphasis added). The court's conclusion is bolstered not only by common sense, but by AT&T's own words. Particularly in light of the position it took in the CMP, AT&T's argument is wholly without merit.

Second, AT&T suggests the court abused its discretion by declining to decide whether Wendy Lathrop's testimony about the likely location of AT&T's own cable was sufficient to allow a jury to conclude that AT&T's cable was actually on the County's land. Instead, the court elected to give Baltimore County a further opportunity to conduct discovery to determine the actual location of AT&T's cable. The court noted that AT&T had not come forward with evidence that Lathrop's conclusions were actually wrong in fact. In making that observation, the court was not shifting the burden of proof to AT&T. The court was observing that AT&T had chosen only to attack Lathrop's methods, despite the fact that, if her conclusions were actually wrong, AT&T should have been in a position to show that. AT&T still has not done so.

The court agrees that there are problems with Lathrop's methodology but chose not to waste time in deciding the ultimate question of the admissibility of her opinion. The court was not obliged to answer the questions exactly as the

parties posed them. Rule 1 of the Federal Rules of Civil Procedure provides that all of the rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Sometimes, as in this case, tension exists between the equally important interests of justice, speed, and expense. Here, the court resolved that tension by concluding that the interests of justice called for the County to be given an opportunity to present real facts rather than have the court decide the case on the basis of the highly artificial and academic debate over Lathrop's methodology. Litigation is more than an exercise in playing "Gotcha."

Third, AT&T contends the court abused its discretion by misreading some of the evidence relevant to the statute of limitations defense. The court has reviewed AT&T's brief and reply submitted on the statute of limitations issue (Dkts. No. 34, 77) to see if AT&T pointed out the problem with the plaintiff's evidence in its summary judgment papers that it now says should have been decisive. The point seems to be missing from AT&T's summary judgment papers and was not there for the court to find. Nevertheless, it is certainly possible that the court misunderstood one piece of evidence in this massive record. Even if the court misunderstood that evidence, though, the court would still have needed to reach the Maryland doctrine of *nullum tempus* as applied to this case, among other issues, so it is far from clear that any error would have had any bottom-line effect on the motions.

Now that this case will soon be returning to Maryland, the court emphasizes that the judge who receives it will be free to rely on the work this court has done, or to reconsider that work, in the sound discretion of the receiving judge.

The motion to reconsider or certify an interlocutory appeal (Dkt. No. 213) is hereby DENIED.

So ordered.

Date: September 20, 2010

DAVID F. HAMILTON, CIRCUIT JUDGE*
*sitting by designation

Copies to:

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com,cbutler@woodmclaw.com,rbritt@woodmclaw.com

Jeffrey Grant Cook
BALTIMORE CO. OFFICE OF LAW
jgcook@baltimorecountymd.gov

Douglas Stewart Dove
TIMOTHY E. HAYES & ASSOCIATES LC
ddove@tehayes.com,adavis@tehayes.com

Timothy Edward Hayes
TIMOTHY E. HAYES & ASSOCIATES LC
thayes@tehayes.com,adavis@tehayes.com