UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AT&T FIBER OPTIC CABLE ) | CASE NO. 1:99-ml-9313-DFH-TAB |
| INSTALLATION LITIGATION ) | MDL DOCKET NO. 1313 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| 1:01-cv-1657-DFH-TAB (New Hampshire) ) | |
| ) | |

ENTRY ON FILING BY KALIKA, LLC

As part of Multi-District Litigation No. 1313, this court entered its final judgment on November 4, 2005 approving the class settlement on behalf of New Hampshire owners of property adjoining certain railroad corridors where AT&T installed fiber optic cables. The class settlement provided significant cash payments to property owners on the cable side of the railroad where the owners had an arguable claim to having a fee simple interest in the railroad right-of-way. Another vital term of the settlement was that AT&T received a 16.5 foot wide easement for its cable, essentially giving AT&T a clean legal basis for what had been a controversial claim of an easement. The court issued a supplemental final order and judgment on November 28, 2007 authorizing AT&T more specifically to record its easements in New Hampshire.

On June 4, 2010, the court received a letter from Kalika, LLC, an owner of one of the subject parcels of property in Merrimack, in Hillsborough County, New

Hampshire. The letter, signed by Richard L. Kalika, its sole owner and managing member, objected to the grant of the easement to AT&T. Mr. Kalika asserted that neither he personally nor the LLC received any notice of the class action, the settlement, the judgment, or the easement. Mr. Kalika's letter essentially asks the court to vacate the order granting AT&T the easement.

On June 24, 2010, AT&T responded to Mr. Kalika's letter with its own letter and a package of evidence including an affidavit from Cindi A.R. Straup, who has managed all aspects of the settlement process in this nationwide litigation, which was managed through a series of state-wide class settlements over the last twelve years. Ms. Straup reviewed the settlement center's records. She testified in her affidavit that those records show that two notice packets were mailed to Kalika, LLC at the correct address on August 8, 2005, and that neither was returned as undeliverable. The records also include the same telephone number for Kalika that Mr. Kalika has provided. Ms. Straup further testified that the settlement center records show telephone communication with Mr. Kalika on three different dates when he could still submit a claim: November 6, 2005 (voicemail message from Mr. Kalika); November 7, 2005 (telephone call from settlement center to Mr. Kalika, who asked question that was referred to supervisor); November 14, 2005 (telephone call from supervisor to Mr. Kalika advising him about claims process). AT&T asserted that Mr. Kalika's request to set aside the easement both came too

late and had no merit because he had both actual and constructive notice of the class action settlement, including the easement term.

The court finds that Mr. Kalika's request on behalf of Kalika, LLC must be denied for three independent reasons.

First, and the most technical of the three reasons, Kalika, LLC is a limited liability company. Like a corporation, a limited liability company can appear in federal court only through an appearance by an attorney, not by an informal, pro se action by its individual owners. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (dismissing criminal appeal by LLC); see also *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (corporation may appear only through attorney). In other words, the letter from Mr. Kalika is a legal nullity.

Second, even if the letter had been submitted properly on behalf of the limited liability company, it came too late to obtain relief. The procedural route for seeking to modify a final judgment is a motion under Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 60(b) motion must be filed within a reasonable time, and no later than one year after the judgment if the motion is based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. See Fed. R. Civ. P. 60(c)(1). For such

grounds, Mr. Kalika's June 4, 2010 motion comes too late, much more than one year after the November 28, 2007 supplemental judgment.

Motions based on other grounds – that the judgment is void, that it has been satisfied, released, discharged, reversed, or vacated, or the catch-all ground in Rule 60(b)(6) for "any other reason that justifies relief" – are not subject to the one-year limit but must be filed within a reasonable time. The only arguable basis for avoiding the one-year time limit here would be a motion invoking the catch-all category of Rule 60(b)(6), but such a motion requires a showing of "extraordinary circumstances." *E.g.*, *Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 80 (S.D.N.Y. 2003); *In re VMS Ltd. P'ship Securities Litig.*, 1995 WL 355722, at *2 (N.D. Ill. June 12, 1995).

The court recognizes that a property owner who never received actual notice of this litigation might not have reason to discover a court-ordered easement until the owner is interested in selling the property or has some other reason to do a title search. Nevertheless, in the context of class action settlements, the interests in finality are especially important, at least so long as the class members received notice that complied with the requirements of Rule 23 and constitutional due process. *Buxbaum*, 216 F.R.D. at 81; *In re VMS*, 1995 WL 355722, at * 2. In this case, this court repeatedly found that the combination of first class mail and notice by multiple publications provided ample notice to class members. Mr.

-4-

Kalika has fallen far short of showing extraordinary circumstances sufficient to justify relief from judgment so long after the relevant judgment was entered.

Third, the record before the court shows that Mr. Kalika's request for relief from the final judgment granting the easement simply lacks merit. The court has a sworn affidavit from Ms. Straup testifying that Mr. Kalika received notice in fact – notice that was sufficient to prompt telephone communications about the settlement and easement. The record also includes a separate affidavit from Wayne L. Pines concerning the notice provided to New Hampshire property owners through publication. On the other side of the balance, the court has only Mr. Kalika's general and unsworn denial that he received the notice. In other words, all the information of evidentiary value indicates that Kalika, LLC in fact received sufficient and timely notice of the class action and settlement, removing any legitimate basis for modifying the final judgment and AT&T's easement.

Thus, construing Mr. Kalika's June 4, 2010 letter as a motion for relief under Rule 60(b), the court denies the motion for each of these three reasons.

So ordered.

Date: December 13, 2010

_____
DAVID F. HAMILTON, CIRCUIT JUDGE*
*sitting by designation

Copies to:

Judicial Panel on Multidistrict Litigation

Nels John Ackerson
ACKERSON KAUFFMAN FEX PC
nackerson@ackersonlaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com,cbutler@woodmclaw.com,rbritt@woodmclaw.com

Jeffrey Grant Cook
BALTIMORE CO. OFFICE OF LAW
jgcook@baltimorecountymd.gov

Daniel John Crothers
NILLES ILVEDSON STROUP PLAMBECK & SELBO LTD
dpowell@lathropgage.com

Douglas Stewart Dove
TIMOTHY E. HAYES & ASSOCIATES LC
ddove@tehayes.com,adavis@tehayes.com

Howard N. Feldman
DICKSTEIN SHAPIRO MORIN & OSHINSKY
feldmanh@dicksteinshapiro.com

Timothy Edward Hayes
TIMOTHY E. HAYES & ASSOCIATES LC
thayes@tehayes.com,adavis@tehayes.com

Roger Coleman Johnson
KOONZ MCKENNEY JOHNSON DEPAOLIS & LIGHTFOOT
rjohnson@koonz.com

Jordan Matthew Lewis
SIEGEL BRILL GREUPNER DUFFY & FOSTER
jordanlewis@sbgdf.com

Susan Littell
DICKSTEIN SHAPIRO MORIN & OSHINSKY
littells@dicksteinshapiro.com

Daniel James Millea

ZELLE HOFMANN VOELBEL MASON & GETTE LLP
dmillea@zelle.com,pcaron@zelle.com,agarberson@zelle.com,dbowen@zelle.com

Mike J. Miller
SOLBERG STEWART MILLER & JOHNSON LTD
mmiller@solberglaw.com,acameron@solberglaw.com

Peter Webb Morgan
DICKSTEIN SHAPIRO MORIN & OSHINSKY
morganp@dicksteinshapiro.com

Nicholas Christo Nizamoff
STUART & BRANIGIN
ncn@stuartlaw.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com,kcavosie@price-law.com,tulm@price-law.com,mmendel@price-law.com,jmiller@price-law.com

B. Haven Walling , Jr
DICKSTEIN SHAPIRO MORIN & OSHINSKY
wallingb@dicksteinshapiro.com

Nancy Winkelman
SCHNADER HARRISON SEGAL & LEWIS
nwinkelman@schnader.com

Patrick N. Caron
ZELLE HOFMANN VOELBEL MASON & GETTE LLP
500 Washington Ave., South
Suite 4000
Minneapolis, MN 55415

S. Morris Hadden
HUNTER SMITH & DAVIS
1212 North Eastman Road
Kingsport, TN 37664